# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 29, 2010

139441

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

    SC: 139441
    COA: 283062
    Cass CC: 07-010218-FH

THOMAS ARTHUR ROUTLEY,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the June 16, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. In his application, defendant, for the first time, raises a double jeopardy challenge, relying on *People v Meshell*, 265 Mich App 616 (2005). The defendant in *Meshell* was convicted of operating or maintaining a laboratory for the manufacture of a controlled substance, MCL 333.7401c(2)(a), and committing this violation near a residence, MCL 333.7401c(2)(d), with the Court of Appeals holding that multiple punishments under these provisions constituted a violation of constitutional protections against double jeopardy. *Meshell* correctly relied, in part, on the "same-elements" test that was later adopted by this Court in *People v Bobby Smith*, 478 Mich 292 (2007), and provides that a double jeopardy violation does not occur "if each offense requires proof of a fact that the other does not." However, the Legislature has since amended MCL 333.7401c and defendant was convicted and sentenced under the newly enacted MCL 333.7401c(2)(f).

In this case, even if defendant's double jeopardy challenge had been preserved, we would conclude that each offense requires proof that the other does not. Here, § 7401c(2)(f) requires proof that the laboratory involved "the manufacture of a substance described in section 7214(c)(ii)," which specifically proscribes only methamphetamine and "its salts, stereoisomers, and salts of stereoisomers," and § 7401c(2)(d) does not; and § 7401c(2)(d) requires proof that the laboratory was "within 500 feet of a residence," and § 7401c(2)(f) does not.

KELLY, C.J. (*dissenting*).

I dissent from the majority's disposition of defendant's application for leave to appeal. I would grant the application to consider whether defendant can show that he is entitled to relief despite having apparently forfeited his double jeopardy argument.[1] If it appears that he can, his double jeopardy argument should be considered on its merits.

Finally, I object to the breadth of the denial order. Without the benefit of briefing, oral argument, or specific consideration of the question, the order effectively gives lower courts the authority to reject double jeopardy challenges to MCL 333.7401c. I believe that *People v Bobby Smith*[2] is not clearly dispositive on the matter of double jeopardy challenges to the statute. In order to clarify this point of law, the Court should grant leave to appeal and allow full briefing and oral argument.

Court of Appeals decisions handed down since *Bobby Smith* have reached conflicting conclusions about whether multiple convictions under MCL 333.7401c violate double jeopardy principles.[3] By resolving this appeal as it has, the Court leaves open the likelihood of confusion. The better course of action would be to grant leave to appeal.

CAVANAGH, J., would remand this case to the Court of Appeals for plenary consideration of the issue, which the defendant raised for the first time in this Court, of whether his convictions pursuant to MCL 333.7401c(2)(c), MCL 333.7401c(2)(d), and MCL 333.7401c(2)(f), constituted multiple punishments for the same offense and thus violated constitutional protections against double jeopardy.

---

[1] *People v Carines*, 460 Mich 750 (1999).

[2] 478 Mich 292 (2007).

[3] Compare *People v Ryans*, unpublished opinion *per curiam* of the Court of Appeals, issued January 15, 2009 (Docket No. 280419), with *People v Bradford*, unpublished opinion *per curiam* of the Court of Appeals, issued December 13, 2007 (Docket No. 273540).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 29, 2010

*Corbin R. Davis*

Clerk

s0126